# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH NEWBY, et al., <br><br>   Petitioners, <br><br> v. <br><br> TREYLED LIFE SETTLEMENTS LLC, <br><br>   Respondent. | Case No. 1:24-cv-00886-JLT-SAB <br><br> ORDER REQUIRING RESPONDENT TO FILE A STATEMENT IN ACCORDANCE WITH RULE 7.1 OF THE FEDERAL RULES OF CIVIL PROCEDURE <br><br> **THREE-DAY DEADLINE** |

On July 31, 2024, Petitioners initiated this action by filing a motion to vacate an arbitration award that was issued on the same day by an arbitrator in Texas. (ECF No. 1.) Therein, Petitioners allege that this Court has diversity jurisdiction because "there is complete diversity of citizenship between Petitioners, citizens of California, and Respondent, a citizen of Texas and Delaware…." (Id. at ¶ 9.)

Upon review of the face of Petitioners' motion to vacate the arbitration award, the Court finds diversity of citizenship is not sufficiently alleged. See Badgerow v. Walters, 596 U.S. 1, 9 (2022) ("If [the face of the vacatur petition] shows that the contending parties are citizens of different States (with over $75,000 in dispute), then § 1332(a) gives the court diversity jurisdiction"); see also Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1116 (9th Cir. 2004) (noting federal courts are "obligated to consider *sua sponte* whether [they] have subject matter jurisdiction."). Respondent is a limited liability company. "A limited liability company 'is a

1

citizen of every state of which its owners/members are citizens,' not the state in which it was formed or does business." NewGen, LLC v. Safe Cig, LLC, 840 F.3d 606, 612 (9th Cir. 2016) (quoting Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006)). Thus, the citizenship of each owner or member of Treyled Life Settlements LLC is required to establish diversity jurisdiction.[1]

Under Rule 7.1 of the Federal Rules of Civil Procedure, parties in a diversity case are required to file a disclosure statement with their first motion that names and identifies every individual or entity whose citizenship is attributed to that party. Fed. R. Civ. P. 7.1(a)(2); 7.1(b)(1). Upon a brief review of the record, it does not appear that Respondent has complied with Rule 7.1.

Accordingly, it is HEREBY ORDERED that Respondent file a disclosure statement naming and identifying the citizenship of every individual or entity whose citizenship is attributed to Treyled Life Settlements LLC **no later than three (3) days** after entry of this order. Failure to comply with this order will result in the issuance of sanctions.

IT IS SO ORDERED.

Dated: **September 24, 2024**

UNITED STATES MAGISTRATE JUDGE

---

[1] The Court has reviewed Respondent's briefing related to its motion to dismiss, which reiterates that it is a Delaware entity with Houston as its principal place of business. (ECF No. 9 at 11; ECF No. 20 at 11.) The declaration filed in support of Respondent's motion does not provide sufficient information that its four managing partners who reside in Texas are the sole owners and members of Treyled Life Settlements LLC. The Court recognizes that the parties do not appear to dispute subject matter jurisdiction at this time and therefore finds it unnecessary to issue an order to show cause regarding subject matter jurisdiction. The Court further notes that the Arbitrator detailed in his Final Arbitration Award—which is incorporated in Petitioners' petition to vacate the arbitration award—that "Treyled has four managing members…Each of Treyled's managing members owns an equal share of Treyled." (ECF No. 1 at 16.) The Court shall require that Respondent file a statement confirming the same as of July 31, 2024, if it can do so in good faith.